```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RAMON RAMIREZ, 2120 MAPPE AVE. APT 3D     :
BX NY 10460,
                                          :
                Plaintiff,
                                          :
     -against-
                                          :   REPORT AND RECOMMENDATION
THE CITY OF NEW YORK, WARDEN, JOHN DOE,
OF VERNON C. BAIN CENTER, IN INDIVIDUAL   :   13 Civ. 3268 (PAE)(KNF)
AND OFFICIAL CAPACITY, CORRECTIONAL
OFFICER PARKER,                           :

                Defendants.               :
------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
```

## INTRODUCTION

Plaintiff Ramon Ramirez ("Ramirez"), proceeding pro se, commenced this action, pursuant to 42 U.S.C. § 1983, seeking redress for violations of rights guaranteed to him via the Eighth and Fourteenth Amendments to the Constitution. Before the Court is the defendants' motion to dismiss Ramirez's amended complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is unopposed.

## BACKGROUND

Ramirez contends that while he was an inmate at the Vernon C. Bain Correctional Facility of the defendant City of New York ("City"), he slipped and fell in a bathroom, due to "poor lighting" and a "leak in the bathroom," which caused the floor to be wet. Ramirez maintains that defendant "Warden John Doe, failed to maintain a safe environment for [him,]" which "created the hazardous condition." According to Ramirez, as a result of falling to the bathroom's wet floor, he injured "his head, back, neck, shoulder and right hand." Ramirez maintains that the warden "and Correctional Officer Parker ["Parker"], should have known about

the unforeseeable [sic] risk to his safety when they failed to maintain dorm 2B-A an [sic] as such the defendant [sic] are liable to the plaintiff under the Monell [sic] doctrine."[1]

Ramirez contends that, after he fell, Parker "intentionally interfered with an [sic] caused a delay in [Ramirez's] obtaining medical treatment when she attempted to get him off of the floor claiming that nothing was wrong with him." Ramirez asserts that Parker was "deliberately indifferent to his serious medical needs," and that the delay he experienced in receiving treatment for the above-noted injuries, occasioned by Parker's conduct, was "an unreasonable delay." Ramirez contends that, after he was "seen by medical staff at [the correctional facility,] . . . an emergency run to an outside hospital was required due to the seriousness of" his injuries. Ramirez alleges that he filed a grievance as a result of the events described above, but he never received a response to his grievance.

The defendants contend that Ramirez failed to complete the grievance process made available to him, via the City's Department of Correction ("DOC") Inmate Grievance Resolution Program ("IGRP"), outlined in revised DOC Directive No. 3375R-A dated March 13, 2008. Under the terms of the IGRP, an inmate who has filed a grievance but has not received a response thereto "should go to the Grievance Office to sign Form #7101R and indicate on that form that a hearing [respecting the subject matter of the grievance] is requested." DOC Directive No. 3375R-A, Section IV(B)(1)(d)(i). As a consequence of failing to comply with the IGRP's procedures, thereby exhausting the administrative remedies provided to him, as he was obligated to do "by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ["PLRA"]," the defendants contend that Ramirez is unable to obtain relief through this action.

---

[1] In Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978), the Supreme Court found that municipalities may be sued under § 1983 and held liable for constitutional deprivations arising from their governmental customs and policies.

In addition, the defendants assert that "the Amended Complaint should be dismissed in its entirety" because Ramirez "has failed to state a cognizable claim under the Constitution," since he failed to plead facts tending to show either that the conditions of his confinement were unconstitutional or that the defendants were deliberately "indifferent to his medical needs." According to the defendants, under either theory: unconstitutional conditions of confinement or deliberate indifference to an inmate's medical needs, Ramirez needed to plead facts in his amended complaint tending to show that the deprivation he suffered was "objectively sufficiently serious" and that a corrections official acted with a "sufficiently culpable state of mind," that is, the official knew of and disregarded an excessive risk to Ramirez's health or safety.

## DISCUSSION

"It is well established that the submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)(citation omitted). The Court has applied that standard in this case.

Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

"[A] party may assert the following [defense] by motion . . . failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A motion asserting [this defense] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). To survive a motion to dismiss, made pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is

facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Conclusory allegations that the defendant violated the standards of law do not satisfy the need for plausible factual allegations." Kiobel v. Royal Dutch Petroleum Corp., 621 F.3d 111, 191 (2d Cir. 2010)(citing Twombly, 550 U.S. at 555, 127 S. Ct. at 1965). When a motion is made, pursuant to Rule 12(b)(6), all facts alleged in the complaint are assumed to be true and all reasonable inferences are drawn in the plaintiff's favor. See Interpharm, Inc. v. Wells Fargo Bank, Nat'l Assoc., 655 F.3d 136, 141 (2d Cir. 2011). When assessing a Rule 12(b)(6) motion, a court's "consideration is limited to facts stated on the face of the complaint or incorporated . . . by reference, and to matters [about] which judicial notice may be taken," Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991), as well as "documents that the [plaintiff] either possessed or knew about and upon which [he] relied in bringing the suit." Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir. 2000)(internal citation omitted).[2]

Section 1983

As noted above, the instant action was brought, pursuant to 42 U.S.C. § 1983, to redress alleged constitutional violations. To state a claim under § 1983, a plaintiff must allege facts tending to show: "(1) the defendant acted under color of state law; and (2) as a result of defendant's actions, the plaintiff suffered a denial of her federal statutory rights, or her constitutional rights or privileges." Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998). An inmate's ability to initiate a § 1983 action is constrained by PLRA. In pertinent part, that statute provides as follows:

---

[2]In the case at bar, it appears that Ramirez knew about the IGRP, as he employed it by filing a grievance with DOC. In any event, the Court has taken judicial notice of the IGRP. See Fed. R. Evid. 201.

> No action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Thus, "a prisoner must exhaust his or her administrative remedies prior to filing a claim under § 1983." Richardson v. Goord, 347 F.3d 431, 434 (2d Cir. 2003). Exhaustion, under PLRA, means "proper exhaustion," Woodford v. Ngo, 548 U.S. 81, 93, 126 S. Ct. 2378, 2387 (2006), that is, compliance by a prisoner with all the procedural rules of a correctional facility's administrative grievance process. See id. at 89-90, 126 S. Ct. at 2385-86.

The IGRP is composed of five stages: 1) an informal review of an inmate's grievance by the Inmate Grievance Review Committee ("IGRC"); 2) a formal review by IGRC, if the informal review fails to resolve a grievance to an inmate's satisfaction; 3) an appeal to the Commanding Officer, by an inmate, from an adverse IGRC formal recommendation; 4) an appeal to the Central Office Review Committee ("CORC") from the Commanding Officer's decision; and 5) an appeal to the New York City Board of Corrections ("Board"), from the CORC's decision. See DOC Directive No. 3375R-A; see also Ingram v. Thomas, No. 04 Civ. 5918, 2007 WL 4267203, at *2 (S.D.N.Y. Dec. 3, 2007). The Board issues an advisory recommendation to the Commissioner of Corrections, who issues a final decision. See id.

Ramirez alleges, through the amended complaint, that he filed a grievance after he slipped and fell on a wet bathroom floor occasioned, he contends, by the defendants' failure to maintain, properly, the correctional facility's lighting and the bathroom he wanted to use. According to Ramirez, he did not receive a response to his grievance. In such a circumstance, the IGRP required Ramirez to "go to the Grievance Office to sign Form #7101R and indicate on

that form that a hearing is requested." The defendants maintain that Ramirez failed to do so, and nothing in Ramirez's amended complaint contradicts that assertion, as the amended complaint is devoid of any factual allegation tending to show that he complied with that procedure, by signing a form 7101R to indicate that he wanted a hearing, after receiving no response to his grievance. However, failure to exhaust, in the PLRA context, "is an affirmative defense, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Grullon v. City of New Haven, 720 F.3d 133, 141 (2d Cir. 2013)(citations and internal quotation marks omitted). Accordingly, granting the defendants' motion, on the basis of Ramirez's failure to plead facts tending to demonstrate that he exhausted administrative remedies available to him through the IGRP, is not warranted.

Ramirez's Constitutional Claims

Ramirez alleges his Eighth and Fourteenth Amendment rights were violated by: 1) Parker, when she acted in a way that was "deliberately indifferent to his serious medical needs" by causing "an unreasonable delay in his treatment" for injuries he suffered, after he slipped and fell on the wet bathroom floor; and 2) Parker, the warden and the City, when Parker and the warden failed to foresee the risk to his safety that would attend owing to their failure "to maintain dorm 2B-A."[3]

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."[4]

---

[3] It is uncontested that the DOC personnel named as defendants in this action were acting under color of state law at all relevant times.

[4] On the motion record, it is unclear whether Ramirez was convicted for a crime at the time of his injuries or was a pretrial detainee. Claims asserted by pretrial detainees, arise under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 537 n.16, 99 S. Ct. 1861, 1873 n.16 (1979). However, the Second Circuit Court of Appeals has held that "[c]laims for deliberate indifference to a serious medical

(continued...)

U.S. Const. amend. VIII. "The Cruel and Unusual Punishments Clause of the Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate medical care." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006).

An Eighth Amendment deliberate indifference claim, as has been alleged in this action, has two components, an objective component and a subjective component. The objective component requires that the alleged deprivation be sufficiently serious "in the sense that a condition of urgency, one that may produce death, degeneration or extreme pain, exists." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996)(internal quotation marks omitted). The subjective component requires that the accused prison official must have acted with a "sufficiently culpable state of mind." See Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 2324 (1991). This means that "the official knows of and disregards an excessive risk to [an] inmate['s] health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

A. Delay in Treatment

In a circumstance where a prisoner alleges "a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* in treatment, rather than the prisoner's *underlying medical condition* alone in analyzing whether the alleged deprivation is, 'in objective terms, sufficiently serious,' to

---

⁴(...continued)
condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment." Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009). Accordingly, for the purpose of analyzing the instant motion, the Court will use the Eighth Amendment deliberate indifference standard.

support an Eighth Amendment claim." Smith v. Carpenter, 316 F.3d 178, 185 (2d Cir. 2003)(quoting Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998))(emphasis in original). Ramirez does not specify the length of the delay in receiving medical attention that he experienced as a result of his interaction with Parker. Notwithstanding the delay caused by Parker, there is no allegation by Ramirez that his condition worsened over the period of the delay. The absence from the amended complaint of such an allegation undermines the objective sufficiency of Ramirez's Eighth Amendment claim. See Smith, 316 F.3d at 187.

B. Inadequate Facility Maintenance

Ramirez alleges that the defendants' inadequate maintenance of the correctional facility resulting in poor lighting conditions and a leak that allowed water to collect on a bathroom floor, also violated his Eighth Amendment rights. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." DeShaney v. Winnebago Cty. Dept. of Social Servs., 489 U.S. 189, 199-200, 109 S. Ct. 998, 1005 (1989). However, as one court has explained, "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment." LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993)(citation omitted). Similarly, Ramirez's conclusion that poor lighting contributed to his fall on the wet floor and the injuries he suffered, also fails to state an Eighth Amendment claim since he has not pleaded facts tending to show objectively that the lighting condition was a matter of urgency or that subjectively the warden and Parker acted with wanton states of mind with respect to the lighting condition in the bathroom, that is, each knew of and disregarded "an excessive risk to [Ramirez's] safety" predicated on the bathroom's allegedly poor lighting condition. Farmer, 511 U.S. at 827, 114 S. Ct. at 1979. Where, as here, a prisoner alleges that he suffered physical

injuries as a result of inattention to facility maintenance by correction officials, the claim sounds in negligence and does not reach the level of a constitutional violation. This is so because a prison official's actions must be intentional or criminally reckless to violate the Eighth Amendment. See Farmer, 511 U.S. at 837, 114 S. Ct. at 1979. Consequently, negligence, by a prison official, is insufficient for Eighth Amendment liability.[5] Accordingly, granting this branch of the defendants' motion is warranted.

Monell Claim

Although not addressed by the defendants, the plaintiff has made a Monell claim, through which he seeks to hold the City liable for the conduct of Parker and the warden. A municipality cannot be held liable under § 1983 solely because its employee is a tortfeasor. See Monell, 436 U.S. at 691, 98 S. Ct. at 2036. To state a Monell claim against a municipality and thereby seek to make it liable under § 1983 for the unconstitutional actions of its employees, a plaintiff must allege facts tending to show that an official policy or custom of the municipality caused the plaintiff to be subjected to a denial of a constitutional right. See Torraco v. Port Authority of New York and New Jersey, 615 F.3d 129, 140 (2d Cir. 2010). Ramirez has not identified any policy or custom of the City that he contends caused him to be subjected to a denial of his constitutional rights. Consequently, no plausible Monell claim has been pleaded.

---

[5]To the extent that Ramirez is asserting a Fourteenth Amendment Due Process claim because the defendants deprived him of his liberty interest in freedom from bodily injury while in their custody, his claim would fail, as the misconduct he attributes to the defendants, based on facility-maintenance deficiencies resulting in physical injuries to him, still sounds in tort and the Due Process Clause of the Fourteenth Amendment does not embrace tort claims. See Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662-63 (1986).

## RECOMMENDATION

For the reasons set forth above, I recommend that the defendants' motion to dismiss the amended complaint, Docket Entry No. 11, be granted.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Engelmayer, 500 Pearl Street, Room 660, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Engelmayer. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
July 28, 2014

Copy mailed to:

Ramon Ramirez

Respectfully submitted,

/s/ Kevin Nathaniel Fox

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE