UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
:
RAMON RAMIREZ, :
:
                                Plaintiff, :
: 13 Civ. 3268 (PAE) (KNF)
              -v- :
: ORDER ADOPTING
CITY OF NEW YORK, WARDEN, JOHN DOE, OF : REPORT &
VERNON C. BAIN CENTER, *in his individual and* : RECOMMENDATION
*official capacity*, CORRECTIONAL OFFICER :
PARKER, :
:
                              Defendants. :
:
------------------------------------------------------------------ X

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Ramon Ramirez, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the City of New York ("City"), Warden of the Vernon C. Bain Correctional Facility ("Warden"), and Correctional Officer Parker ("C.O. Parker"), alleging that, while in the custody of the New York City Department of Correction ("DOC"), he was subjected to hazardous conditions and that he did not receive sufficiently prompt medical care following a slip and fall accident. On December 2, 2013, defendants moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Before the Court is the July 28, 2014 Report and Recommendation of Magistrate Judge Kevin N. Fox, recommending that the Court grant defendants' motion. Dkt. 16 ("Report"). For the reasons that follow, the Court adopts the Report in full.

I.  **Background**[1]

Ramirez was an inmate at Vernon C. Bain Correctional Center ("VCBC"). On or about December 21, 2011, while in custody at VCBC, Ramirez slipped and fell in a bathroom, injuring "his head, back, neck, shoulder and right hand." Ramirez attributes his fall to "poor lighting" and a "leak in the bathroom," which caused the floor to be wet. After the fall, Ramirez contends, C.O. Parker "attempted to get him off of the floor claiming that nothing was wrong with him," causing an "unreasonable delay" in medical care for his injuries of unspecified duration. After being treated by the medical staff at VCBC, Ramirez was taken to an outside hospital for further medical care. Ramirez alleges that he filed a grievance as a result of the events described above, but he never received a response to his grievance.

On May 14, 2013, Ramirez filed the Complaint, using the form complaint available to *pro se* litigants bringing claims under § 1983, naming as defendants the City, the Warden of VCBC, and C.O. Parker. Dkt. 1. On August 23, 2013, Ramirez filed the Amended Complaint. Dkt. 5. It alleges that (1) defendants created unsafe conditions and/or failed to maintain safe conditions at VCBC, including poor lighting and a leak in the bathroom, which caused Ramirez to slip and fall (the "unconstitutional conditions of confinement claim"); and (2) defendants failed to promptly provide Ramirez with proper medical attention for his injuries as a result of the slip and fall (the "deliberate indifference claim").

---

[1] The Court's summary of the facts of this case is drawn from the detailed account of the facts provided in the Report, to which there are no objections, as well as the Amended Complaint (Dkt. 5) ("Am. Compl."). In considering the motions to dismiss, the Court, like Judge Fox, accepts as true all facts alleged in the Amended Complaint, and draws all reasonable inferences in favor of Ramirez.

On December 2, 2013, defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Dkt. 11, and an accompanying memorandum of law, Dkt. 12.  Defendants contend that the Amended Complaint must be dismissed because Ramirez did not follow the formal grievance procedures required by DOC regulations, and thus failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA").  On the merits, Defendants contend that the Amended Complaint fails to plead facts tending to show either that the conditions of Ramirez's confinement were unconstitutional or that defendants were deliberately indifferent to his medical needs, and thus fails to state cognizable constitutional claims.  By Order dated December 11, 2013, the motion was referred to Judge Fox for preparation of a Report & Recommendation.  Dkt. 14.  On May 6, 2014, Judge Fox issued an Order directing Ramirez to respond to defendants' motion by May 27, 2014, and notifying him that, if he failed to do so, the Court would treat the motion as unopposed.  Dkt. 15.  Ramirez failed to file any such opposition.

On July 28, 2014, Judge Fox issued the Report.  In it, Judge Fox held that the Amended Complaint adequately alleged that Ramirez filed a grievance of some type with the DOC, and that "failure to exhaust, in the PLRA context, 'is an affirmative defense, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints.'"  Report at 6 (quoting *Grullon v. City of New Haven*, 720 F.3d 133, 141 (2d Cir. 2013)).  Accordingly, the Report held that granting the motion to dismiss on the basis of Ramirez's failure to plead facts tending to demonstrate that he exhausted administrative remedies available to him is not warranted.

On the merits, however, the Report recommended dismissing the Amended Complaint for failure to state a claim.  With respect to the deliberate indifference claim, the Report held that

3

the Amended Complaint failed to plead facts tending to show that the deprivation Ramirez suffered was "objectively sufficiently serious" to state a constitutional claim; the Amended Complaint, it noted, failed to allege the length of the purported delay in treatment, or that Ramirez's condition worsened during that delay. *Id.* at 7−8.  With respect to the claim that Ramirez's conditions of confinement were unconstitutional, the Report held that the Amended Complaint failed to plead facts tending to show that the lighting conditions in the bathroom were sufficiently dangerous, such that defendants wantonly disregarded an "excessive risk" to Ramirez's safety, or that any corrections officer acted with a "sufficiently culpable state of mind," *i.e.*, that the official knew of and disregarded an excessive risk to Ramirez's health or safety. *Id.* at 8−9.  The Report also recommended dismissing the municipal liability claim because the Amended Complaint failed to plausibly allege a municipal policy or custom in connection with the alleged constitutional violations. *Id.* at 9.

The Report stated that the parties were required to file any objections within 14 days of the date of the Report's issuance. *Id.* at 10.  To date, the Court has not received any objections.

## II. Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE) (KNF), 2012 WL 928124, at *1 (S.D.N.Y.

Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Careful review of the well-reasoned Report reveals no clear error. On the contrary, the Court agrees with the Report's conclusion that the Amended Complaint fails to adequately allege that Ramirez suffered an objectively serious delay in medical treatment and that his condition worsened as a result, or that defendants disregarded an excessive risk to Ramirez's safety in failing to maintain the conditions of the bathroom at VCBC. Accordingly, the Complaint fails to state constitutional claims for deliberate indifference or inadequate conditions of confinement. The Report, which is incorporated by reference herein, is adopted without modification.

## CONCLUSION

For the reasons articulated in the Report, the Amended Complaint is dismissed. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 11, to serve this Opinion & Order on Ramirez at his address of record, and to close this case.

The parties' failure to file written objections precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). The Court therefore certifies that any appeal from this order would not be taken in good faith and *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: August 20, 2014
New York, New York

5